# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Joy Marshall, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>WebMD LLC,<br><br>            Defendant. | Case No.  8:21-cv-00683<br><br>State Court Case No. 2021CA000517<br><br>**Class Action** |

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Defendant WebMD LLC ("WebMD"), by and through its counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida as Case No. 2021CA517 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  For the reasons set forth below, this Court has subject matter jurisdiction.

## I.     BACKGROUND

1.     On February 8, 2021, Plaintiff Joy Marshall, individually and on behalf of all others similarly situated, commenced a putative class action against WebMD by filing a class action complaint and demand for jury trial (the "Complaint") in the Circuit Court of the Twelfth Judicial Circuit in and for

Manatee County, Florida.  A true and correct copy of the Complaint is attached hereto as **Exhibit A** ("Compl.").

2.      On February 18, 2021, WebMD was served with the Complaint.  A true and correct copy of Plaintiff's proof of service of the Summons and Complaint on WebMD, filed with this Court on February 23, 2021, showing a service date of February 18, 2021, is attached hereto as **Exhibit B**.

3.      True and correct copies of all process, pleadings, and orders in the State Court Action and not previously referenced are attached hereto as **Exhibit C**.

4.      The Complaint alleges that WebMD unlawfully intercepted Plaintiff's electronic communications in violation of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq*. ("FSCA").  (Compl. ¶ 1.)

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon WebMD.

6.      Nothing in this Notice of Removal shall constitute a waiver of WebMD's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II.      VENUE

7.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location

where the State Court Action is pending.

## III.   JURISDICTION

8.     This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d) and § 1453, because (a) it meets CAFA's definition of a class action; (b) the putative class consists of more than 100 members; (c) there is minimal diversity of citizenship; and (d) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d).

### A.     This Action Meets the "Class Action" Definition Under CAFA.

9.     The State Court Action is a class action.  CAFA provides that

> the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

10.     Plaintiff filed the State Court Action as a putative class action.  (*See* Compl.)  Plaintiff asserts that she seeks to represent a class defined as

> [a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

3

(*Id.* ¶ 20.)  The class definition excludes WebMD as well as WebMD's employees or agents.  (*Id.* ¶ 21.)  Accordingly, the Complaint clearly qualifies as a "class action" under CAFA.

### B.    The Putative Class Exceeds 100 Members.

11.    Plaintiff alleges that the putative class is "believed to be no less than 100 individuals."  (*Id.* ¶ 22; *see also* Declaration of Peter Kobsa, attached hereto as **Exhibit D** ("Kobsa Decl."), ¶ 5.)  Accordingly, the proposed class has at least one hundred members in the aggregate.  28 U.S.C. § 1332(d)(5)(b).[1]

### C.    This Action Meets CAFA's Minimal Diversity Requirement.

12.    CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  "Under CAFA, federal courts . . . have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)."  *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 730 (11th Cir. June 5, 2014) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

---

[1] Although the putative class as alleged by Plaintiff meets the necessary threshold for jurisdictional purposes, WebMD denies that this action ultimately will prove appropriate for class treatment.  In addition, by relying on Plaintiff's allegations for purposes of removal, WebMD is not admitting the truth or accuracy of any such allegations.

4

13.     Plaintiff alleges she is a citizen and resident of Manatee County, Florida.  (Compl. ¶ 5.)

14.     WebMD is a limited liability company organized in Delaware with its headquarters in New York, NY.  (*Id.* ¶ 6; Kobsa Decl., ¶ 3.)  WebMD's sole member is WebMD Health Corporation, which is incorporated in Delaware and has its headquarters in New York, NY.  (*Id.*)  WebMD is therefore a citizen of Delaware and New York for purposes of diversity jurisdiction.  See 28 U.S.C. § 1332(c)(1), (d)(10).

15.     Accordingly, because Plaintiff is a citizen of Florida, and WebMD is a citizen of Delaware and California, CAFA's minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2)(A).

**D.     This Action Meets CAFA's Amount-in-Controversy Requirement.**

16.     CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the amount in controversy exceeds $5,000,000.  28 U.S.C. §1332(d)(6).  The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover.  *McDaniel*, 568 Fed. App'x at 730 ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction

because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

17.    To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).  Nevertheless, WebMD has submitted a declaration in support of its notice of removal that demonstrates the amount in controversy requirement is satisfied.  (*See* Kobsa Decl. ¶¶ 4-5.)  When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence."  *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).  WebMD denies all liability alleged in the Complaint and further denies that class treatment is appropriate for this action.  However, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would satisfy the amount-in-controversy requirement.

18.    Though Plaintiff has not specified the amount of relief she seeks, the allegations in the Complaint (as well as reasonable inferences and deductions

ACTIVE.126567224.01

drawn from those allegations) make clear that the amount Plaintiff has placed in controversy is above $5,000,000, exclusive of interest and costs.  Indeed, Plaintiff concedes that the proposed class of Florida residents is "numerous and geographically dispersed," and that "the aggregate damages sustained by the Class are potentially in the millions of dollars . . . ."  (Compl. ¶¶ 22, 28.)

19.     Specifically, Plaintiff alleges that WebMD tracked and recorded her visits to the website, including "the time and dates of each visit."  (*Id.* ¶ 14.) Plaintiff also states that WebMD "similarly intercepted the electronic communications of other individuals located in Florida who visited the Defendant's website."  (*Id.* ¶ 18.)

20.     The Complaint seeks declaratory and injunctive relief, actual, liquidated, and/or punitive damages, and attorneys' fees and costs.  (Compl. ¶¶ 39-41 and Prayer (p. 8).)  The liquidated damages sought by Plaintiff are set forth in the FSCA, which provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher."  (*Id*. ¶ 39.)  The statute of limitations for an FSCA claim is two years.  Fla. Stat. Ann. § 934.10(3).

21.     Here, WebMD records show that there were more than 5,000 different visitors to WebMD.com from Florida in the two-year period prior to the filing of the Complaint during which Plaintiff alleges WebMD was intercepting Plaintiff's and other Florida residents' electronic communications.  (Kobsa Decl. ¶ 5.)

7

Because Plaintiff seeks statutory damages of at least $1,000 per class member, the amount of alleged statutory damages alone exceeds $5,000,000 (5,001 visitors multiplied by $1,000 is $5,001,000). Plaintiff's claims for attorneys' fees and injunctive relief, including the cost of implementing the requested relief, only further confirm that the amount in controversy requirement is met.

## IV.   NOTICE

22.    As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida.

## V.   CONCLUSION

23.    WHEREFORE, Defendant WebMD LLC respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Respectfully submitted,

_____/s/ Traci T. McKee_____

Traci T. McKee (FBN 53088)
*traci.mckee@faegredrinker.com*
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone:+1 202 842 8800
Facsimile: +1 202 842 8465

*Attorneys for Defendant* WebMD LLC

ACTIVE.126567224.01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 22, 2021**, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system and sent the foregoing and its attachments via email to the following counsel of record:

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shaimisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Tel.    (305) 479-2299
Fax.    (786) 623-0915

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel.    (305) 975-3320

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Tel.    (954) 400-4713

*Attorneys for Plaintiff*

_/s/ Traci T. McKee_
Traci T. McKee (FBN 53088)
*traci.mckee@faegredrinker.com*
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone:+1 202 842 8800
Facsimile: +1 202 842 8465

*Attorneys for Defendant*
WebMD LLC

ACTIVE.126567224.01